UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRAM WASHINGTON, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-562** |
| **DOMINICK F. IMPASTATO, III, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this civil-rights case are three Federal Rule of Civil Procedure 12(b)(6) motions[1] to dismiss the 42 U.S.C. § 1983 claims that *pro se* Plaintiff Byram Washington, Sr., asserts against seven Defendants: Jefferson Parish First Assistant District Attorney Margaret Hay; Jefferson Parish District Attorney Paul Connick; Jefferson Parish President Cynthia Lee Sheng; former Jefferson Parish Council member Dominick F. Impastato, III; Jefferson Parish Director of Security Steven Quaintance; Michelle Forsythe; and Joseph Raspanti. Liberally construing Washington's *pro se* complaints, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and holding them to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the Court holds that Washington fails to state any claims against these Defendants. For that reason and for those that follow, the motions to dismiss are **GRANTED**.

---

[1] ECF No. 22; ECF No. 42; ECF No. 67.

## I. BACKGROUND

Liberally construed, Washington's *pro se* complaints assert Section 1983 claims against Washington's former attorney and a collection of Jefferson Parish officials arising from Washington's arrest and prosecution for disturbing the peace.[2]

After Jack Fitzpatrick cancelled a demolition permit with Washington's demolition-services company,[3] Washington sued Fitzpatrick for breach of contract.[4] Washington alleges that, in response to his lawsuit against Fitzpatrick, former Jefferson Parish Council member Dominick Impastato "pressured" Jefferson Parish First Assistant District Attorney Margaret Hay to "have [Washington] arrested" if Washington did not "back off."[5] Washington alleges that Hay in turn called Washington's then-attorney, Joseph Raspanti, "to threaten [Washington] to back off or else[.]"[6] Hay allegedly made that call "on behalf of" Impastato and Fitzpatrick.[7]

A "couple months" after Hay's call, Washington was arrested for disturbing the peace at the Joseph S. Yenni Jefferson Parish Government Building.[8] The day before Washington's arrest, Washington had visited the office of Jefferson Parish President Cynthia Lee Sheng in the Yenni Building to complain about a permitting issue.[9]

---

[2] *See generally* ECF No. 1 (original complaint); ECF No. 5 (first amended complaint); ECF No. 7 (second amended complaint); ECF No. 10 (third amended complaint); ECF No. 13 (fourth amended complaint); ECF No. 72 (fifth amended complaint).

[3] ECF No. 5-1 at 3 (June 12, 2023 crime report). The Court may consider the June 12, 2023 crime report, *see id.*, and the July 7, 2023 crime report, *see id.* at 4–8, because Washington attached those crime reports to his first amended complaint. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (explaining that a court may properly consider "documents attached to the complaint" in its Rule 12(b)(6) analysis (citations omitted)).

[4] ECF No. 5-1 at 3; ECF No. 1 at 4.
[5] ECF No. 1 at 4.
[6] *Id.*
[7] *Id.*
[8] *Id.*; *see also* ECF No. 5-1 at 4–8 (July 7, 2023 crime report).
[9] ECF No. 5-1 at 6.

While discussing the permitting issue with Michelle Forsythe, a member of Sheng's executive staff, Washington "became increasingly irate and aggressive."[10] Later, Jefferson Parish Director of Security Steven Quaintance and three Jefferson Parish Sheriff's Officers—Joseph Waguespack, Corey Wilson, and Melvin Thompson—arrived at Sheng's office.[11] After Washington "refus[ed] several commands to leave" the office, Thompson and Wilson escorted Washington out of the Yenni Building.[12]

The next day, Jefferson Parish Sheriff's Officers Joseph Waguespack, Corey Wilson, and Joseph Williams arrested Washington for disturbing the peace outside the Yenni Building.[13] During that arrest, Washington alleges that Waguespack sexually assaulted him,[14] and that Wilson "threaten[ed] to physical[ly] assault [him]" and "illegal[ly] searched [his] truck."[15] After Washington's arrest, Jefferson Parish Sheriff's Officer Devan Wirtz transported him to the Jefferson Parish Correction Center.[16] Washington alleges that Wirtz locked him in the back of a patrol car and "ignore[d]" Washington's complaints about having trouble breathing.[17] For his role in these events, the Jefferson Parish District Attorney's Office—led by District Attorney Paul Connick and First Assistant Margaret Hay—charged Washington with disturbing the peace under Section 14:103A(2) of the Louisiana Revised Statutes.[18]

---

[10] *Id.*
[11] *Id.*
[12] *Id.* at 6–7.
[13] ECF No. 5-1 at 7.
[14] ECF No. 1 at 5; ECF No. 14-1 at 2;
[15] ECF No. 1 at 5.
[16] *Id.* at 8.
[17] ECF No. 72 at 7.
[18] ECF No. 5-1 at 12; *id.* at 14.

Based on these allegations, Washington brought a *pro se* Section 1983 suit in this Court against those allegedly involved in the events surrounding his arrest and prosecution, including the movants here—Hay, Connick, Sheng, Impastato, Quaintance, Forsythe, and Raspanti.[19] Those seven Defendants now move the Court to dismiss the claims against them for failure to state a claim under Rule 12(b)(6).[20]

## II. LEGAL STANDARD

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not satisfy Rule 8(a)(2)'s pleading standard fails to state a claim upon which relief can be granted. *See generally* FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "An otherwise plausible claim may also be doomed by a procedural impediment, like a statute of limitations or similar bar." *Stringer v. Town of Jonesboro*, 986 F.3d 502, 506 (5th Cir. 2021) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 364 (5th Cir. 2003)).

---

[19] *See generally* ECF No. 1; ECF No. 5; ECF No. 7; ECF No. 10; ECF No. 13; ECF No. 72.
[20] ECF No. 22 (Hay and Connick's motion to dismiss), ECF No. 42 (Sheng, Impastato, Quaintance, and Forsythe's motion to dismiss); ECF No. 67 (Raspanti's motion to dismiss).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

"The filings of a *pro se* litigant are to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (citation and quotation omitted). But "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

### III. ANALYSIS

Across three motions, Hay, Connick, Sheng, Impastato, Quaintance, Forsythe, and Raspanti move the Court to dismiss the Section 1983 claims that Washington asserts against them. First, the Court considers (A) Hay and Connick's motion to dismiss. The Court then turns to (B) Sheng, Impastato, Quaintance, and Forsythe's motion to dismiss. And finally, the Court considers (C) Raspanti's motion.

### A.   Hay and Connick's Motion to Dismiss

Hay and Connick contend that Washington fails to state any Section 1983 claims against them in their official and individual capacities. The Court agrees.

Washington fails to state any official-capacity Section 1983 claims against Hay and Connick. An official-capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citation and quotation omitted). So any claims against Connick and Hay in their official capacities as members of the Jefferson Parish District Attorney's Office "should be treated as" claims against the Jefferson Parish District Attorney's Office itself. *Id.* (citation omitted); *cf. Connick v. Thompson*, 563 U.S. 51, 54, 60 (2011) (analyzing official-capacity claims against the Orleans Parish District Attorney under municipal-liability principles); *Burge v. Par. of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) ("For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities."). To state a Section 1983 claim against the Jefferson Parish District Attorney's Office, Washington must plead facts plausibly establishing that (1) an "official policy" (2) promulgated by a Jefferson Parish District Attorney's Office "policymaker" (3) was the "moving force behind" the alleged violation of Washington's constitutional rights. *Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) (quotation and citation omitted). He fails to do so. Washington's liberally construed *pro se* complaints lack factual allegations plausibly establishing that any "official policy" of the Jefferson Parish District Attorney's Office caused his alleged constitutional injury. He thus

fails to state any official-capacity Section 1983 claims against Hay and Connick. *See, e.g.*, *Kimble v. Jefferson Par. Sheriff's Off.*, No. 22-30078, 2023 WL 1793876, at *3 (5th Cir. Feb. 7, 2023) (per curiam) (holding that a *pro se* Section 1983 plaintiff failed to state an official-capacity claim against an assistant district attorney because the plaintiff failed to identify "any policy involved that caused a constitutional injury").

Washington also fails to state any individual-capacity Section 1983 claims against Hay and Connick. To state a Section 1983 claim against Hay and Connick in their individual capacities, Washington "must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (citation and quotation omitted). Washington also "must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). "This standard requires more than conclusional assertions[.]" *Id.* (citation omitted).

As for Hay, Washington fails to state an individual-capacity Section 1983 claim for several reasons. First, Washington does not "allege specific conduct [by Hay] giving rise to a constitutional violation." *Id.* (citation omitted). Instead, Washington merely alleges that Hay called his former attorney, Raspanti, "to threaten [Washington] to back off or else[.]"[21] Second, to the extent that Washington's claims against Hay arise from Hay's initiation of the disturbing-the-peace prosecution against him, Hay enjoys absolute immunity. *See Cousin v. Small*, 325 F.3d 627, 631

---

[21] ECF No. 1 at 4.

7

(5th Cir. 2003) (per curiam) (prosecutors are "absolutely immune from liability under § 1983 for [their] conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process" (quotation and citation omitted)); *accord Kimble*, 2023 WL 1793876, at * 3 (assistant district attorney enjoyed absolute immunity from individual-capacity Section 1983 claims). Third, to the extent that Washington's individual-capacity claims against Hay arise from Hay's performance of "investigative functions," *Terwilliger v. Reyna*, 4 F.4th 270, 281 (5th Cir. 2021) (citation and quotation omitted), Hay enjoys qualified immunity: Washington has not pleaded facts plausibly establishing that Hay violated any constitutional or statutory right that was clearly established at the time of Hay's alleged conduct. *See Culbertson v. Lykos*, 790 F.3d 608, 627 (5th Cir. 2015) (holding that assistant district attorney enjoyed qualified immunity from Section 1983 claims at the pleadings stage).

As for Connick, too, Washington fails to state individual-capacity Section 1983 claims. To state an individual-capacity Section 1983 claim against a "supervisory official" like Connick, Washington must plead facts plausibly establishing that Connick "personally was involved in the constitutional violation or that there is a sufficient causal connection between [Connick's] conduct and the constitutional violation." *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) (citation and quotation omitted). Washington must also plead facts plausibly establishing that Connick acted with "deliberate indifference"—*i.e.*, that Connick "disregarded a known or obvious consequence of his action." *Id.* (citation and quotation omitted).

8

Washington's liberally construed *pro se* complaints fail to satisfy those requirements. First, Washington fails to plead facts plausibly establishing that Connick "personally was involved" in violating any of Washington's constitutional or statutory rights. *Id.* (citation and quotation omitted). Second, Washington fails to plead facts plausibly establishing a "causal connection" between Connick's specific alleged conduct and any violation of Washington's rights. *Id.* (citation and quotation omitted). Third and finally, Washington fails to plead facts plausibly establishing that Connick acted with "deliberate indifference" by "disregard[ing] a known or obvious consequence of [Connick's] action." *Id.* (citation and quotation omitted).

In sum, Washington's liberally construed *pro se* complaints fail to state any plausible Section 1983 claims against Hay and Connick in any capacity. So the Court grants Hay and Connick's Rule 12(b)(6) motion to dismiss those claims. Because the Court dismisses all of Washington's substantive claims against Hay and Connick, Washington may not recover punitive damages against Hay and Connick. *Cf. Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 604 (5th Cir. 1988) (explaining that punitive damages "are not an independent claim or cause of action" under federal law).[22]

This dismissal is with prejudice. Washington has amended five times. Nothing in his liberally construed complaints or in his opposition brief[23] suggests he could cure any of the deficiencies outlined above. The Court finds that Washington "has already

---

[22] Washington's opposition brief merely restates the allegations of his liberally construed complaints; it does not persuade the Court that he has stated any plausible claims. *See* ECF No. 30.
[23] ECF No. 30.

pleaded his best case," and further amendment would be futile. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam) (citation and quotation omitted).

### B.    Sheng, Impastato, Quaintance, and Forsythe's Motion to Dismiss

Sheng, Impastato, Quaintance, and Forsythe contend that Washington fails to state any Section 1983 claims against them.[24] The Court agrees.

Washington fails to state any official-capacity Section 1983 claims against Sheng, Impastato, Quaintance, and Forsythe. Those Defendants are Jefferson Parish employees, so any claims against them "should be treated as" claims against Jefferson Parish. *Hafer*, 502 U.S. at 25 (citation omitted). To state official-capacity Section 1983 claims against them, then, Washington must plead facts plausibly establishing that (1) an "official policy" (2) promulgated by a Jefferson Parish "policymaker" (3) was the "moving force behind" the alleged violation of Washington's constitutional rights. *Johnson*, 83 F.4th at 946. He fails to do so. His liberally construed *pro se* complaints lack factual allegations plausibly establishing that any "official policy" of Jefferson Parish caused his alleged constitutional injury. He thus fails to state any official-capacity Section 1983 claims against Sheng, Impastato, Quaintance, and Forsythe.

Washington also fails to state any individual-capacity Section 1983 claims against Sheng, Impastato, Quaintance, and Forsythe. To state a Section 1983 claim against these Defendants in their individual capacities, Washington "must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under

---

[24] *See generally* ECF No. 42-1.

10

color of state law." *James*, 535 F.3d at 373 (citation and quotation omitted). Washington also "must allege specific conduct giving rise to a constitutional violation." *Oliver*, 276 F.3d at 741 (citation omitted). Washington fails to do so. His liberally construed *pro se* complaints lack factual allegations plausibly establishing any "specific conduct" by Sheng, Impastato, Quaintance, or Forsythe that "g[ave] rise" to any alleged violation of Washington's constitutional rights *Id.* (citation omitted).[25]

In sum, Washington's liberally construed *pro se* complaints fail to state any plausible Section 1983 claims against Sheng, Impastato, Quaintance, and Forsythe in any capacity. So the Court grants those Defendants' Rule 12(b)(6) motion to dismiss all of the claims Washington asserts against them. Because the Court dismisses all of Washington's substantive claims against those Defendants, Washington may not recover punitive damages against them. *Cf. Auster Oil & Gas, Inc.*, 835 F.2d at 604.

This dismissal is with prejudice. As noted, Washington has amended five times. Nothing in his liberally construed *pro se* complaints or in his opposition brief[26]

---

[25] The only allegations that could conceivably relate to Sheng are that Washington visited her office in the Yenni Building and was unable to speak to her. ECF No. 72 at 4–5. As for Impastato, the only potentially relevant allegation is that he "pressur[ed]" Hay "to have [Washington] arrested," ECF No. 1 at 4—a vague and conclusory allegation that, standing alone, is insufficient to plausibly establish that Impastato violated Washington's constitutional rights through his own specific conduct. As for Forsythe, Washington merely alleges that she "[p]retended she wanted to help" him when he visited Sheng's office, and that she "called all officers" on him even though he "was polite and not ever causing a disturbance." ECF No. 72 at 5. Finally, as for Quaintance, Washington alleges only that he was one of several officers who "came out and arrested [Washington]" outside the Yenni Building. *Id.* at 7. Washington does not allege any facts from which the Court could plausibly infer that Quaintance used excessive force against Washington or otherwise violated Washington's constitutional rights through his own specific alleged conduct in the course of that arrest.

[26] ECF No. 53; ECF No. 53-1. In his opposition brief, Washington asserts—for the first time—that Quaintance violated his civil rights by falsely stating that Washington threatened public officials and by testifying falsely at Washington's trial. ECF No. 53-1 at 1–2. These assertions do not save Washington's claims against Quaintance for several reasons. First, "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) (collecting cases); *accord, e.g., Becnel v. St.*

11

suggests he could cure any of the deficiencies outlined above. The Court therefore finds that Washington "has already pleaded his best case" against Sheng, Impastato, Quaintance, and Forsythe, and that further amendment would be futile. *Brewster*, 587 F.3d at 768 (citation and quotation omitted).

### C. Raspanti's Unopposed Motion to Dismiss

Raspanti moves the Court to dismiss the Section 1983 claims that Washington asserts against him for failure to state a claim.[27] Washington's opposition was due on November 12, 2024.[28] Over three months have passed, and Washington has not filed an opposition. The Court therefore considers the motion unopposed.

The unopposed motion has merit. To state a Section 1983 claim against Raspanti, Washington must plead facts plausibly establishing that Raspanti (1) deprived him of his constitutional rights and (2) acted "under color of state law." *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017) (citations and quotation omitted). "Private individuals generally are not considered to act under color of law." *Id.* at 352 (citation and quotation omitted). Washington fails to state Section 1983 claims against Raspanti because Washington fails to plead facts plausibly establishing that Raspanti, Washington's former lawyer, acted under color of state law.[29] The Court therefore grants Raspanti's unopposed motion to dismiss Washington's claims. The

---

*Charles Par. Sheriff's Office*, No. 15-CV-1011, 2015 WL 5665060, at *1 n.1 (E.D. La. Sept. 24, 2015) (Vance, J.) (rejecting plaintiff's "attempts to present a number of new factual allegations in her opposition to defendants' motion to dismiss"). Second, even if Washington's assertions were properly included in one of his many complaints, they still would not suffice to state a claim against Quaintance because, among other reasons, Washington offers no specific facts plausibly establishing that Quaintance's allegedly false statements caused any violation of Washington's constitutional rights.

[27] *See generally* ECF No. 67; ECF No. 67-1.
[28] *See* ECF No. 70 at 1 (extending Washington's response deadline to November 12, 2024).
[29] ECF No. 67-1 at 1–2.

12

dismissal is with prejudice. Nothing in Washington's liberally construed complaints suggests that Washington could cure the deficiency outlined above. Washington "has already pleaded his best case" against Raspanti, and further amendment would be futile. *Brewster*, 587 F.3d at 768 (citation and quotation omitted).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Rule 12(b)(6) motions[30] to dismiss are **GRANTED**. All of Washington's claims against Hay, Connick, Sheng, Impastato, Quaintance, Forsythe, and Raspanti are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 5th day of March, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[30] ECF Nos. 22, 42, 67.